WILLIAM F. ALBRECHT, d.b.a. ALBRECHT AUTO BODY,

v.

CHARLES L. GARDNER.

136 N. W. (2d) 645.

August 20, 1965—No. 39,714.

*Henry Levine,* for appellant.

*J. B. Maertz,* for respondent.

MURPHY, JUSTICE.

This is an appeal from an order of the municipal court denying defendant's motion for amended findings or in the alternative for a new trial. The action involves a claim for work and material in the repair of a damaged automobile. Plaintiff, Albrecht, who operates an auto body shop, repaired an automobile belonging to defendant, Gardner, which was damaged in a collision with another car. Gardner paid $50, the amount deductible under a collision clause in a public liability policy issued to him by the American Reliable Insurance Company.[1] He apparently felt that the insurance company should pay the balance.

The trial court found that "the Defendant was indebted to the Plaintiff in the sum of Four Hundred Ninety-Four Dollars and 10/100 ($494.10) for goods, wares, merchandise and services furnished by the Plaintiff" and that no payment had been made on the obligation except $50. He determined that plaintiff was entitled to the balance of $444.10. It is not disputed that plaintiff is entitled to be paid for his work and material and that the amount awarded is reasonable.

The defense becomes involved and complicated because of the strategy of Gardner's counsel which was presumably calculated to enforce payment of the collision damage by American Reliable Insurance Company and at the same time retain collision damage paid to him in settlement with the insurance company which covered the other car involved in the collision. Gardner's attorney, Henry Levine, brought an action in which Albrecht was named as plaintiff against American Reliable Insurance Company on the theory that the company was liable for the repair bill. The insurance company then joined Gardner and attorney Levine as third-party defendants. When the matter came before the court, Albrecht necessarily had to have another attorney and J. B. Maertz was substituted in place of Levine. The insurance company then

---

[1] The policy containing a subrogation clause provides: "In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

moved for a dismissal with prejudice as to itself, which motion was granted. Through error the trial court included third-party defendant Gardner in its order of dismissal. Thereafter the action with which we are here concerned was brought and the answer for defendant Gardner was interposed by Levine, who was obviously his attorney from the beginning. The defense interposed by Gardner was that the action against him had already been dismissed with prejudice and that as a matter of fact the insurance company was liable for the debt. Albrecht at this time obtained an order correcting the earlier order of dismissal so that it did not apply to Gardner. The only issue then remaining for trial was the claim for services and materials rendered. After hearing the evidence, the court properly found that plaintiff was entitled to recover from defendant the amount claimed.

On the basis of the record before us it is unnecessary to discuss issues relating to subrogation rights under the insurance contract or the effect of Gardner's settlement with the other insurance company. We agree with the trial court that Albrecht should not be caught in the middle of a dispute between Gardner and his insurance company. The insurance company was not a party to this suit and the record does not warrant a discussion of issues relating to the company's liability. The points raised by the appeal are without merit and do not require further discussion.

Affirmed.